UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
MIGUEL MARIA,

                        Plaintiff,          **COMPLAINT**

            -against-                       **CIVIL ACTION NO.**

CITY OF NEW YORK, POLICE OFFICER DOUGLAS
STRONG, SHIELD #22185 and UNIDENTIFIED
NEW YORK CITY POLICE OFFICERS, EMPLOYEES
AND AGENTS,

                                            **JURY TRIAL DEMANDED**

Defendants.
-----------------------------------------X

The plaintiff, complaining of the defendants, by his attorney, THOMAS SHEEHAN, ESQ. of CHEDA & SHEEHAN, respectfully shows to this Court and alleges:

**JURISDICTION**

1.   Jurisdiction is founded upon the existence of a Federal Question.

2.   This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of New York.

3.   Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute,

1

ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4.   That venue is proper pursuant to 28 U.S.C. § 1391 (b) (1&2).

5.   The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6.   That an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

**PARTIES**

7.   That the plaintiff, a Hispanic male, is a resident of New York County of the State of New York.

8.   Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.   Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10. Upon information and belief, that at all times hereinafter mentioned, defendants POLICE OFFICER DOUGLAS STRONG, SHIELD #22185 and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS were employed by the defendant, CITY OF NEW YORK, as police officers in City of New York, New York.

11. NYC is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and, as such, is responsible for the policies, practices and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees including all the police officers thereof and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under

the Constitution and laws of the State of New York.

13. Each and all of the acts of the defendants, alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under authority of their office as police officers of the state and city.

## PENDENT STATE CLAIMS

14. That Notice of the Plaintiff's Claims for false arrest and unlawful search of person and property, violation of civil rights, loss of property, libel and slander, punitive damages, abuse of process, negligence in hiring and retaining, attorney's fees, loss of earnings, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about June 6, 2003.

15. That more than thirty days have elapsed since the Notice of Claim and Intention to Sue has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

16. That this action is commenced within one year and

4

ninety days after the cause of action arose.  That a 50-H hearing was not requested pursuant to Sec. 50-H of the General Municipal Law.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

17.  The plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

18.  That starting on September 24, 2002 at about 4:30 PM on 170th Street near the intersection of Audubon Avenue, New York, NY, the defendants unlawfully stopped the plaintiff and unlawfully arrested, searched and handcuffed plaintiff.  The defendants then illegally detained plaintiff and forced plaintiff to go to court based upon a false allegation of criminal possession of a controlled substance in the third degree.  Defendant STRONG falsely swore that the plaintiff possesses over 500 tablets of methylenedioxymethamphetamine. Plaintiff was forced to appear in New York City Criminal Court, New York County, until the charges were dismissed on March 25, 2003.  The defendants confiscated the plaintiff's $2,500.00.

19.  As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's rights:  to be

secure in his person, and effects against unreasonable searches and seizures; not to be deprived of life, liberty, and property without due process of law; to be informed of the nature and cause of the accusation against him as secured to him under the Fourteenth Amendment of the Constitution of the United States; the right not to be forced to appear in court; and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

20. That the detention and arrest were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes or offenses.

21. That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without sufficient charges having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at said location.

22. That the plaintiff was wholly innocent of said charges

6

and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

23. That the defendants, their agents, servants and employees, as set forth on the aforementioned date, time and place, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

24. That by reason of the false arrest, and detention of the plaintiff, and other violations of plaintiff's rights, plaintiff was subjected to emotional distress and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer injury, including loss of property, damage to his reputation and attorney's fees.

25. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same

force and effect as is more fully and at length set forth herein.

27. That on or about the above date and time, the defendants falsely arrested, detained, libeled and slandered plaintiff, maliciously prosecuted plaintiff, confiscated plaintiff's property, abused process against the plaintiff, intentionally inflicted emotional distress upon the plaintiff, invaded plaintiff's privacy under the laws and Constitution of the State of New York.

28. That by reason of the aforesaid committed by the defendants, their agents, servants and employees, acting within the scope of their authority, and without probable or reasonable cause, the plaintiff suffered injuries.

29. That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

30. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

32.   That the defendant NYC was negligent, careless and reckless in hiring and retaining as and for its employees, the above individual police officers in that the said defendants lacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendant; in that the defendant the CITY OF NEW YORK failed to investigate the above named defendants' background and in that they hired and retained as employees of their police department individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

33.   That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

34.   That by reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION ON
BEHALF OF PLAINTIFF**

9

35.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

36.  That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular the defendant individual police officers in that they failed to train their employees in the proper use of field tests and narcotics identification; in what is probable cause to arrest and detain someone; in the proper method of restraining a suspect; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

37.  That the aforesaid occurrences and the resulting injuries were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiff.

38.  That by reason of the aforesaid, the plaintiff has been

10

damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF**

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

40. That the defendants, their agents, servants and employees negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used under similar circumstances in that they carelessly, recklessly and negligently arrested the plaintiff without making a proper investigation, in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the said arrest of the plaintiff, that the defendants their agents, servants and employees negligently, carelessly and recklessly without provocation interfered with plaintiff's right of free movement; and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

41. That the aforesaid occurrences and the resulting injuries were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees

11

without any negligence on the part of the plaintiff.

42.  That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

43.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

44.  Defendant, NYC, as a matter of policy has failed to properly identify controlled substances prior to, during and subsequent to arrests.

45.  Defendant, NYC, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

46.  Defendant NYC as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct.

47.  Defendant NYC as a matter of policy and practice, has

with deliberate indifference failed to sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants in this case, to engage in unlawful conduct.

48.   That the defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the CITY OF NEW YORK and the defendants here, separately and in concert, engaged in the illegal conduct above mentioned to the injury of the plaintiff and deprived plaintiff of his rights under the Constitution of the United States and the laws of the United States.

49.   The Police Officers of the defendant   NYC and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected plaintiff and other persons to a pattern of conduct consisting of illegal harassments, assaults and batteries, unlawful discrimination, false imprisonments and arrests and malicious prosecutions at the time said persons were lawfully and properly partaking in lawful activities in exercising their rights to assemble, travel,

demonstrate and petition the government in the City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitution of the United States.

50.  This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiff and other citizens by members of NYPD of defendant NYC and, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

51.  Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant CITY OF NEW YORK, has not taken any steps nor made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any adequate disciplinary action against any of their employees or agents.

52.  That by reason of the aforesaid violations of the constitution and law by the defendants, their agents, servants

14

and employees, who conspired together to wrongfully deprive the plaintiff and compel him to abandon his rights and privileges as provided him in the Constitution of the United States of America, and provided him in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. sec. 1983 in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the CITY OF NEW YORK, subjected or caused to be subjected, a citizen of the United States or other persons within the jurisdiction, particularly the plaintiff, thereof to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; plaintiff was subjected to pain and distress of mind and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and had attorney's fees and the acts aforementioned were committed with the aim of injuring and damaging the plaintiff.

53.  That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

WHEREFORE, plaintiff MIGUEL MARIA demands judgment against

the defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the First Cause Of Action, ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS on the Third Cause of Action; ONE MILLION ($1,000,000.00) on the Fourth Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS on the Fifth Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Sixth Cause of Action; and reasonable attorneys' fees; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated:   December 23, 2003
         Queens, New York

                         THOMAS SHEEHAN, ESQ., TS-1345
                         CHEDA & SHEEHAN
                         Attorney for Plaintiff
                         76-03 Roosevelt Avenue
                         Jackson Heights, NY 11372
                         (718) 478-4868

16